```
                IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF MARYLAND
                                        :
UNITED STATES OF AMERICA
                                        :
   v.                                   :   Criminal No. DKC 20-38
                                        :
JEROAM EDWIN NELSON, JR., et al.
                                        :
```

**MEMORANDUM OPINION**

This memorandum will resolve some of the pending motions concerning Mr. Coleman-Fuller.

**A. Mr. Coleman-Fuller's and the government's motions related to body armor evidence**

Mr. Coleman-Fuller filed a motion in limine to preclude the government from introducing his prior assault conviction as a crime-of-violence predicate to the possession of body armor charge against him (Count Fourteen). (ECF No. 488). The government responded to Mr. Coleman-Fuller's motion by filing its own motion to dismiss Count Fourteen, without prejudice. (ECF No. 498). The government's motion will be granted, Count Fourteen will be dismissed, and Mr. Coleman-Fuller's motion is denied as moot.

Mr. Coleman-Fuller filed a subsequent motion in limine to preclude the government from introducing at trial any evidence regarding the body armor that was seized from a Ford Crown Victoria, which was searched pursuant to a search warrant on September 10, 2019. (ECF No. 500). He argues that this evidence

is not relevant to the other charges against him and that even if it were, its probative value is outweighed by the danger of prejudice its admission could cause.  The government has not filed a response to this motion, but it addresses the relevance of the body armor evidence in its own motion.  (ECF No. 498).  The government represents that it has evidence that the Ford Crown Victoria belonged to Mr. Coleman-Fuller and that the body armor was found in the car along with weapons, ammunition, and controlled substances, among other things.[1]  It argues that body armor is a "tool of the drug trade."

It is well established that "any evidence which tends to make the existence of a fact of consequence to an issue in the case 'more probable or less probable' than without the evidence is relevant and therefore, as a general proposition, admissible." *United States v. Queen,* 132 F.3d 991, 994 (4th Cir. 1997) (quoting Fed.R.Evid. 401-02).  Evidence that body armor was found, along with weapons and drugs, in a car that purportedly belonged to Mr.

---

[1] The question of whether the Ford Crown Victoria belongs to Mr. Coleman-Fuller is the subject of another of Mr. Coleman-Fuller's motions in limine, discussed below.  (ECF No. 510).  In that motion, Mr. Coleman-Fuller represents that the Ford Crown Victoria was located at 30 East Franklin Street, where law enforcement executed a search warrant on September 9, 2019, and that Mr. Coleman-Fuller was inside the apartment at the time of the search, along with three other individuals.  (ECF No. 510).  The government represents that it intends to produce evidence that the keys to the Ford Crown Victoria were found in Mr. Coleman-Fuller's pants pocket.  (ECF No. 511).

2

Coleman-Fuller is relevant to Mr. Coleman-Fuller's firearm possession charges, *see United States v. Lee*, 612 F.3d 170, 185 (3d Cir. 2010) (noting that it is "not unfairly prejudicial to suggest that bullet-proof vests and guns often accompany one another"), and it is also relevant to the conspiracy to distribute and possession with intent to distribute charges, *see United States v. Garcia-Lagunas*, 835 F.3d 479, 489 (4th Cir. 2016) (describing as "circumstantial physical evidence" of the defendant's guilt of drug conspiracy a bulletproof vest, which a witness detective testified was a "tool of the drug trade"); *United States v. Pettiford*, 337 Fed.Appx. 352, 355 (4th Cir. 2009) (describing as "circumstantial evidence" of the defendant's guilt of possession with intent to distribute a controlled substance his admission that he traded drugs for body armor); *see also United States v. Young*, 847 F.3d 328, 356 (6th Cir. 2017) (upholding the district court's admission of firearms, ammunition, and bullet-proof vests as "relevant evidence in a drug conspiracy trial").

The rules of evidence allow district courts to exclude relevant evidence when "its probative value is 'substantially outweighed' by the potential for undue prejudice, confusion, delay[,] or redundancy."  *Queen*, 132 F.3d at 994 (quoting Fed.R.Evid. 403).  "Any prejudicial effect of this evidence require[s] exclusion only in those instances where the trial judge believes that there is a genuine risk that the emotions of the

3

jury will be excited to irrational behavior, and that this risk is disproportionate to the probative value of the offered evidence." *United States v. Powers*, 59 F.3d 1460, 1468 (4th Cir. 1995) (alteration in original) (internal quotation marks omitted). Because the body armor is relevant to all the charges against Mr. Coleman-Fuller, and because there is no reason to predict that the evidence will create an emotional response in the jury—which will likely also be presented with firearm and drug evidence—such that the jury will behave irrationally, the probative value of the evidence is not substantially outweighed by any danger of prejudice.  The motion to preclude introduction of this evidence is denied.

      **B.   Mr. Coleman-Fuller's motion in limine to preclude the government from eliciting testimony regarding car keys**

Mr. Coleman-Fuller filed a motion in limine to preclude the government from eliciting testimony regarding any automobile keys that were located during the search of 30 East Franklin Street, Apartment 3, Hagerstown, Maryland on September 9, 2019.  (ECF No. 510).  He argues that because the search inventory report indicates that no car keys were seized during the search and no photographs were taken of car keys during the search, the risk of undue prejudice from any testimony regarding any car keys that were observed during the search would outweigh any probative value of that testimony.

4

The government opposes this motion, explaining that the report regarding the search describes the recovery of two sets of car keys in Mr. Coleman-Fuller's pants pocket. (ECF No. 511, 511-1). The report, attached as an exhibit to the government's opposition, describes one of the sets of keys as being a "suspected Ford Crown Victor[ia] key," noting that "Ford Crown Victoria motor vehicles are commonly used in law enforcement and have a common key pattern." (ECF No. 511-1 at 8). The report also states that the other set of keys was "used and identified to belong to the 2019 Nissan Altima" parked behind the apartment, which was determined to be a rental vehicle. (*Id.* at 10). The government represents that while the report does not state it explicitly, the investigators also used the Ford Crown Victoria key to access the vehicle. The government explains that "[i]t is not typical to log car keys into evidence, particularly where a key may be the only key capable of operating a vehicle, or where the vehicle belongs to a third party (like the Nissan Altima here)."

Mr. Coleman-Fuller has not cited any authority for the proposition that car keys must be seized and logged into evidence in order for testimony about them to be admitted at trial, other than Federal Rule of Evidence 403. Mr. Coleman-Fuller also seems to be mistaken in asserting in his motion that there was "no evidence provided in discovery that indicates that law enforcement took any investigatory steps to determine to which if any vehicles

5

the keys could be used to access." Testimony regarding the keys—the fact that they were found in Mr. Coleman-Fuller's pants and were identified as belonging to the cars parked behind the apartment—is clearly probative of the fact that the cars, and the items found inside the cars, belonged to Mr. Coleman-Fuller. This motion is denied.

Date: November 2, 2022               /s/
                                     DEBORAH K. CHASANOW
                                     United States District Judge