IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA                :

                                    :

v.                                      :    Criminal No. DKC 20-38-7
                                             Civil Action No. DKC 25-4051
                                        :

JARVIS ANTONIO COLEMAN-FULLER           :

                                        :

**MEMORANDUM OPINION**

Mr. Jarvis Antonio Coleman-Fuller filed a request seeking a copy of all electronic communications referencing plea agreements between the government and his attorneys and the government and counsel for his co-defendants on December 5, 2025. (ECF No. 794). On April 24, 2026, he filed a motion seeking to compel his former trial counsel to produce the complete case file, including emails between counsel and prosecutors, investigation notes and witness statements, plea negotiations, motions, drafts, legal research, exhibits, transcripts, and related documents. (ECF No. 800). For the reasons that follow, Mr. Coleman-Fuller's requests and motions will be denied.

## I.    Background

On November 17, 2022, Mr. Coleman-Fuller was convicted by a jury of conspiracy to distribute and possession with the intent to distribute at least 40 grams of fentanyl and 100 grams or more of heroin, possession of a firearm and ammunition by a prohibited

person, and possession of a firearm in furtherance of a drug trafficking crime. (ECF No. 586). The jury also found certain munitions to be subject to forfeiture after finding a nexus between the munitions and the offenses. (ECF No. 587). He was sentenced to 156 months of imprisonment on March 30, 2023. (ECF No. 681). He noted an appeal and the United States Court of Appeals for the Fourth Circuit affirmed his conviction and sentence. (ECF Nos, 778, 779).

On December 5, 2025, Mr. Coleman-Fuller filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 18 U.S.C. § 2255 ("§ 2255 motion") and request for copies of all electronic communications.[1] (ECF Nos. 793, 794). On April 24, 2026, Mr. Coleman-Fuller filed a motion to compel his case file and related documents. (ECF No. 800). (There is no indication that Mr. Coleman-Fuller has made any request directly to former counsel regarding material in any file).

## II.  Motion for Discovery

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). "Rule 6(a) of the Rules Governing § 2255 Proceedings provides that "[a] party may invoke the processes of discovery . . . if, and to the extent

---

[1] Mr. Coleman-Fuller's § 2255 motion will be decided in due course, after full briefing.

that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." In *United States v. Roane*, 378 F.3d 382, 402-03 (4th Cir. 2004), the Fourth Circuit identified the following as the "proper standard" in considering such claims:

> The Supreme Court determined in *Harris v. Nelson*, 394 U.S. 286, 89 S.Ct. 1082, 22 L.Ed.2d 281 (1969), and its progeny, *Bracy v. Gramley*, 520 U.S. 899, 117 S.Ct. 1793, 138 L.Ed.2d 97 (1997), that 'good cause' for discovery exists when a petition for habeas corpus establishes a prima facie case for relief. *See Harris v. Nelson*, 394 U.S. at 290, 89 S.Ct. 1082. Specifically, discovery is warranted, "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief." *Bracy*, 520 U.S. at 908-09, 117 S.Ct. 1793 (citing *Harris*, 394 U.S. at 299-300, 89 S.Ct. 1082).

(quoting *Johnson v. Pruett*, No. 3:97CV895 (E.D.Va. May 3, 2000). The discovery requests may not be so broad and baseless as to constitute a "fishing expedition." *United States v. Wilson*, 901 F.2d 378, 381 (4th Cir. 1990). Moreover, good cause does not exist if a defendant premises a discovery request on a claim that fails as a matter of law. *See Thomas v. Taylor*, 170 F.3d 466, 474 (4th Cir. 1999) (finding that the trial court did not abuse its discretion in denying discovery request related to claim that failed as a matter of law); *Ramey v. United States*, 2014 WL 12661574 (D.Md. 2014). The burden of demonstrating the materiality

3

of information requested through discovery in habeas proceedings is on the moving party.  28 U.S.C. § 2255.

Mr. Coleman-Fuller has not demonstrated how such discovery would result in him being entitled to habeas relief.  Ground One of Mr. Coleman-Fuller's § 2255 motion asserts professional misconduct in that counsel for another co-defendant, Jeroam Nelson, and the government purportedly entered into a plea agreement that locked him and other defendants into previous offers.  In Grounds Two and Three, Mr. Coleman-Fuller asserts that counsel for co-defendant Jeroam Nelson negotiated with government counsel for pleas for four defendants but entered into a plea agreement for Mr. Nelson only, to the detriment of the other three defendants.   Ground  Four  asserts  that  Mr.  Coleman-Fuller's attorney was ineffective because he failed to notify the judge of the alleged misconduct.  (ECF No. 793, pp. 4-8).

The government filed a response to Mr. Coleman-Fuller's § 2255 motion on May 27, 2026.  (ECF No. 804).  Attached to its response what it claims is a plea offer that the government extended to Mr. Coleman-Fuller when he was represented by Mr. Bussard in August 2022 through, if accepted, the parties would agree  to  a  10-year  period  of  incarceration  pursuant  to Fed.R.Crim.P. 11(c)(1)(C).  The government says that it extended the same offer again after Mr. Coleman-Fuller fired Mr. Bussard and  the  court  appointed  Mr.  Walsh-Little  to  represent  him.

4

Although Mr. Coleman-Fuller decided to reject the plea offer and proceed to trial, the government states that the same offer was made to his co-defendant Jeroam Nelson, who accepted the offer.

Defendant Coleman-Fuller has not established good cause for discovery at this stage. The scope of Mr. Coleman-Fuller's requests go far beyond requesting only specific documents, and in seeking reproduction of his entire file and confidential correspondence between the government and counsel for co-defendants, his request is overbroad and trends toward the sort of "fishing expedition" that the Fourth Circuit cautioned against *in Wilson*. *Wilson*, 901 F.2d at 381. Moreover, with respect to the items Mr. Coleman-Fuller does specify with particularity, he fails to articulate how such items would be materially relevant. *See United States v. Moss*, No. 8:05-0338-GRA, 2008 WL 4442613, *1 (D.S.C. Sept. 25, 2008) (quoting *Hall v. United States*, 30 F.Supp.2d 883, 899 (E.D.Va. 1998)) ("a party 'must make at least a preliminary showing that requested documents contain exculpatory or impeaching information in order to compel production.'"). In short, Mr. Coleman-Fuller has not established good cause for the production of the requested discovery because he has failed to put forward any "specific allegations" that, if proved, would "entitle[] [him] to relief." Because Mr. Coleman-Fuller has failed to demonstrate the requisite good cause necessary for discovery in a § 2255 proceeding, his requests and motions will be denied.

## III. Conclusion

For the foregoing reasons, Mr. Coleman-Fuller's request for the production of electronic communications between the government and defense counsel referencing plea agreements and motion to compel the production of his case file and related papers will be denied.  A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
